UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Envivo, LLC,<br><br>Plaintiff,<br><br>     v.<br><br>Entertainment Studios Media Holdings, Inc., a Delaware corporation; Entertainment Studios Digital Media, LLC, a California limited liability company; both d/b/a "thegrio.com"; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Envivo, LLC, which does business as "SpotNews.tv" ("SpotNews.tv"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. SpotNews.tv is a content licensing agency based in New York City.

5. Plaintiff is informed and believes and thereon alleges that Defendant Entertainment Studios Media Holdings, Inc. ("ESMH"), is a Delaware corporation doing business in New York, and is the owner of the website "thegrio.com."

6. Plaintiff is informed and believes and thereon alleges that Defendant Entertainment Studios Digital Media, LLC ("ESDM"), is a California limited liability company doing business in New York, operating as a subsidiary and/or affiliate of ESMH, and owns, oversees, and/or operates the website "thegrio.com."

7. Defendants DOES 1 through 10, inclusive, are other parties who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego,

and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages proximately caused thereby.

## INTRODUCTION

9. Plaintiff is a content creation and licensing agency based in New York City. It owns the rights to an original video of a six-hour long standoff with the NYPD ("Subject Video"). A true and correct copy of representative content from the Subject Video is attached as **Exhibit A**.

10. Plaintiff obtained all ownership, interest, and rights in the Subject Video. Plaintiff exclusively owns the Subject Video, its copyrights, and any related accrued claims.

11. The Subject Video is registered with the Copyright Office and Plaintiff owns that registration.

12. Defendants, and each of them, have willfully copied, reproduced, displayed, and distributed the Subject Video for financial benefit and without Plaintiff's consent, at and on commercial websites bearing the URL(s) depicted in **Exhibit B** hereto. Said material will be referred to as "Infringing Content" herein.

13. Plaintiff did not consent to said use of the Subject Video.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement - Against All Defendants, and Each)

14. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

15. Plaintiff alleges on information and belief that Defendants, and each of them, accessed the Subject Video, by without limitation, viewing the Subject Video on Plaintiff's website or social media profiles, on other sites online, or in physical publications. The identicality of the copying also shows access.

16. Plaintiff alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Video online at and on websites bearing the URL(s) depicted in **Exhibit B** hereto.

17. Plaintiff alleges on information and belief that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Video and publishing same to the public.

18. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

19. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Video. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Video in an amount to be established at trial.

20. Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## SECOND CLAIM FOR RELIEF

**(Violation of 17 U.S.C. § 1202 - Against All Defendants, and Each)**

21. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

22. Plaintiff incorporates copyright management information ("CMI"), in the form of its name and authorship and ownership information in its content, including the Subject Video.

23. On information and belief, Plaintiff alleges that one or more of the Defendants removed Plaintiff's CMI from the Subject Video before distributing and displaying it to the public in violation of 17 U.S.C. § 1202(b).

24. On information and belief Plaintiff alleges that one or more of the Defendants included false CMI when they published and distributed the Subject Video to the public in violation of violation of 17 U.S.C. § 1202(1).

25. On information and belief, Plaintiff alleges that Defendants acted knowingly and intentionally in regard to the above and with an intent to induce, enable, facilitate, conceal, and further infringement by Defendants and others.

26. As a result of the above, Defendants are liable for statutory damages and attorneys' fees as set forth in 17 U.S.C. § 1203.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

### Against all Defendants, and Each:

<u>With Respect to Each Claim for Relief:</u>

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Video, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Video from their respective websites, catalogs, marketing and advertisement materials;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the Copyright Act, and other applicable law;

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded his attorneys' fees as available under the Copyright Act;

e. That Plaintiff be awarded his costs and fees under the statutes set forth above;

  f. That Plaintiff be awarded statutory damages and/or penalties under the statutes set forth above;

  g. That Plaintiff be awarded pre-judgment interest as allowed by law;

  h. That Plaintiff be awarded the costs of this action; and

  i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury in this action of all issues so triable.

Dated: April 19, 2023          Respectfully Submitted,

                DONIGER / BURROUGHS

             By: /s/ *Scott Alan Burroughs*
                Scott Alan Burroughs, Esq.
                247 Water Street, First Floor
                New York, New York 10038
                (310) 590-1820
                scott@donigerlawfirm.com
                *Attorney for Plaintiff*